**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2006[*]
Decided November 14, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1936

| | |
|---|---|
| MARSHAWN THOMAS, <br> *Petitioner-Appellant,* <br><br> *v.* <br><br> GREGORY C. SIMS, Warden, <br> *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 05 C 3307 <br><br> Virginia M. Kendall, <br> *Judge.* |

**O R D E R**

Marshawn Thomas petitions for a writ of habeas corpus, challenging the Illinois Department of Corrections's (IDOC) calculation of good conduct credits under his concurrent sentences for home invasion, armed robbery, and aggravated kidnaping for ransom. The district court dismissed Thomas's petition on the merits, finding that the IDOC had properly calculated his good conduct credits under the Illinois Rules and Regulations for Early Release. *See* 730 ILCS 5/3-6-3. We affirm on the ground that Thomas has not been denied a federal right.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Thomas pleaded guilty in the Circuit Court of Cook County to charges of home invasion, armed robbery, and aggravated kidnaping, s*ee* 720 ILCS 5/12-11(a)(3), 18-2(a)(2), 10-2(a)(1), and was sentenced to three concurrent 12-year terms of imprisonment. He did not appeal his conviction or sentence. Thomas filed four separate motions for post-conviction review in the Circuit Court of Cook County; they each challenged the IDOC's calculation of his good conduct credits. All four motions were denied, and Thomas did not appeal. Thomas then wrote to the Record Office Supervisor at Taylorville Correctional Center, where he was incarcerated, again challenging the calculation of his good conduct credits. The Record Office disagreed. So Thomas filed a motion for leave to file a "petition for writ of habeas corpus and for certain other relief" in the Illinois Supreme Court. *See Thomas v. Sims*, No. M11402. The court denied the motion.

Thomas then filed this petition in the United States District Court for the Northern District of Illinois, claiming that IDOC's calculation of his good conduct credits under the Illinois Rules and Regulations for Early Release violated the Due Process Clause of the Fourteenth Amendment. Specifically, he claimed that he should have received day-for-day good conduct credit (rather than 4.5 days per month) for his aggravated kidnaping sentence and that, had he received such credit, he would no longer be in custody.

Thomas bases his petition on a challenge to the rationality of the Illinois sentencing and early release statutes: in Illinois, sentencing courts are required to make a finding as to whether a defendant convicted of aggravated kidnaping for ransom, home invasion, armed robbery and certain other offenses, caused "great bodily harm" to the victim. *See* 730 ILCS 5/5-4-1(c-1). Absent such a finding, inmates convicted of any of these offenses—*except* aggravated kidnaping for ransom—will receive day-for-day good conduct credits. *See* 730 ILCS 5/3-6-3(a)(2)(iii). Inmates convicted of aggravated kidnaping, meanwhile, will only receive 4.5 days per month for good conduct even in the absence of a finding of great bodily harm. *See* 730 ILCS 5/3-6-3(a)(2)(ii). In Thomas's case, his sentencing judge did not make a finding of great bodily harm. Thomas argues that the Illinois legislature could not have rationally intended to deny day-for-day credit in an aggravated kidnaping case without a finding of great bodily harm because the legislature requires such a finding for all of the other offenses listed in section 5/5-4-1(c-1). *See* 730 ILCS 5/3-6-3(a)(2)(iii).

In its decision, the district court declined to address whether Thomas had exhausted his state procedural remedies. *See* 28 U.S.C. § 2254(b)(2) ("an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Instead, the court found that the good conduct credits were properly calculated based on the plain meaning of the Illinois statute. Thomas

now appeals, reasserting his claim on the merits.  The State, meanwhile, argues (1) that Thomas failed to exhaust state remedies; (2) that Thomas's claim is time-barred; (3) that Thomas's claim is not cognizable under federal law; and (4) that Thomas's claim fails on the merits.

In reviewing a district court's decision to deny a writ of habeas corpus, we review issues of law *de novo* and issues of fact for clear error.  *Simpson v. Battaglia*, 458 F.3d 585, 592 (7th Cir. 2006).  Even though it appears that Thomas failed to exhaust his remedies in state court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845-58 (1999), we may deny his petition on the merits.  *See* 28 U.S.C. § 2254(b)(2).

In this case, Thomas is not in custody in violation of the United States Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  The district court characterized Thomas's claim as a challenge under the Due Process Clause of the Fourteenth Amendment and then analyzed whether he was entitled to day-for-day good conduct credit under Illinois law.  We analyze Thomas's claim differently because he does not allege that the Illinois Rules and Regulations for Early Release confer a right to day-for-day good conduct credit on inmates convicted of aggravated kidnaping, nor does he allege that he was denied good conduct credit as a result of inadequate or faulty procedures.

Rather, Thomas argues that he has been denied due process because, in his view, Illinois irrationally excludes aggravated kidnaping from the list of offenses for which a convict is guaranteed day-for-day good conduct credit absent a finding of great bodily harm.  But a state legislature may select different prison terms for different crimes without offending due process.  *See Rummel v. Estelle*, 445 U.S. 263, 282-84 (1980); *Rodriguez v. Peters*, 63 F.3d 546, 568 (7th Cir. 1995) (state legislatures are free to determine the nature and extent of punishment for different crimes, subject only to Eighth Amendment requirements); *cf. Sattazahn v. Pennsylvania*, 537 U.S. 101, 115-16 (2003) (noting that the courts should not expand the reach of the Due Process Clause when it would unduly interfere with "considered legislative judgments and the careful balance that the Constitution strikes between liberty and order").  Thus, the Illinois legislature's decision to deny inmates convicted of aggravated kidnaping day-for-day good conduct credit does not offend the Due Process Clause of the Fourteenth Amendment.

Accordingly, the judgment of the district court is AFFIRMED.